**Oliver W. Holmes et al., trading as Holmes, Pyott & Company, Appellees, v. David Suffrin, Appellant.**

**Gen. No. 21,844.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.  Heard in this court at the October term, 1915.  Affirmed.  Opinion filed February 14, 1916.  Rehearing denied February 28, 1916.

### Statement of the Case.

Action by Oliver W. Holmes, James M. Pyott and David A. Pyott, trading as Holmes, Pyott & Company, a copartnership, plaintiffs, against David Suffrin, de-fendant.  From a judgment for plaintiffs for $1,414.47, defendant appeals.

The evidence showed that defendant was the owner of a building in Chicago and June 7, 1911, contracted with the United Construction Company for the re-modeling and improvement of his building.  The Con-struction Company June 8th made a contract with plaintiffs to furnish and erect the structural and orna-mental iron and steel work required in such improve-ment for the sum of $2,189.  The contract between defendant and the Construction Company included a waiver of the right to a mechanic's lien, but this was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not known to the plaintiffs until after the controversy out of which this suit grew had arisen. The Construction Company failed to pay plaintiffs the amount due them under the contract as the same became due. The contention of plaintiffs is that defendant promised, in case the plaintiffs would proceed with and complete the work they had undertaken to pay them the amount due and to become due, and that this was a direct and original promise and not within the Statute of Frauds; that the promise to pay the plaintiffs was based on a sufficient consideration and therefore was original so far as defendant was concerned.

That the promise was made was testified to by Netchin, Holmes, Pyott, Anthony, Forcey and Shober, and denied by Suffrin.

Goldzier, Rodgers & Froehlich, for appellant; Edmund W. Froehlich, of counsel.

Harris F. Williams, for appellees; George F. Ort, of counsel.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 385*—*when evidence sufficient to show promise to pay.* In an action by a subcontractor against the owner of the property, evidence examined and *held* sufficient to warrant a finding that defendant had promised to pay the amount due and to become due under the subcontract.

2. Frauds, Statute of, § 12*—*when manner in which account charged evidence of original promise.* In an action by a subcontractor against the owner of the property to recover the amount due for work done by plaintiff, where it is claimed that the work was done under a promise of defendant to pay, evidence that the account was charged on plaintiff's books, to the principal contractor,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

while *strong* evidence, when unexplained, to show that the credit was given to the latter, is not conclusive of the fact.

3. FRAUDS, STATUTE OF, § 2*—*when debtor not released by oral promise.* A valid oral promise may be made with regard to the debt of a third person without releasing the original debtor.

4. FRAUDS, STATUTE OF, § 126*—*when evidence sufficient to show promise to be original.* In an action by a subcontractor against the owner of the property to recover on a promise to pay for the work done under the contract, evidence examined and *held* sufficient to warrant a finding that the promise was direct and original and not within the Statute of Frauds.